## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **ALFONSO WAYNE MACK,** | § | |
| **TDCJ No. 00809670,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:19-cv-00049-O-BP** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This habeas corpus case was referred to the undersigned automatically pursuant to Special Order 3 on May 17, 2019. ECF No. 2. Petitioner Alfonso Wayne Mack ("Mack"), an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 9. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Mack's Petition for Writ of Habeas Corpus (ECF No. 9).

## I.    FACTUAL BACKGROUND

In his petition, Mack challenges his November 1997 conviction for murder and a disciplinary action that was taken against him at the Allred Unit on April 15, 2019. ECF No. 9 at 2, 5. Mack pleaded guilty to the charge of murder, was convicted, and was sentenced to sixty-five years in prison in case number 366-80236-97 in the 366th Judicial District Court of Collin County, Texas. ECF No. 17-1 at 2. His sentence commenced on November 7, 1997. *Id.* He appealed his conviction, and the Fifth District Court of Appeals dismissed the case on October 5, 1998 for failure to file a timely notice of appeal. *Mack v. State*, No. 05-98-01279-CR, 1998 WL 682523

(Tex. App.—Dallas 1998, no pet.). Mack did not seek discretionary review in the Texas Court of Criminal Appeals ("TCCA"). However, he did file a petition for writ of habeas corpus in the TCCA on August 4, 2004, which the court denied on May 25, 2005 without written order on the findings of the trial court without a hearing. *See* Texas Court of Criminal Appeals, Case Search: Style – "Mack, Alphonso", available at https://search.txcourts.gov/Case.aspx?cn=WR-59,806-01&coa=coscca (last visited April 22, 2021).

Mack seeks reversal of his conviction (1) based on newly discovered evidence since cases tried prior to 2014 in Collin County, Texas are subject to federal review due to corruption; (2) because he is actually innocent since detectives testified that there was no evidence against him and they could not place him at the scene of the crime; (3) because his co-defendant, Joe Paul George, recanted and confessed that Mack was not involved in the murder; and (4) since his trial counsel provided ineffective assistance because he knew that Mack did not commit the crime and "sold [him] out." ECF No. 9 at 6, 10. Mack offers no affidavits or any competent evidence to support the claims regarding his conviction.

Mack also challenges disciplinary action no. 20190194033 in which he was found guilty of the disciplinary offense of possessing contraband, a Level 2, Code 16 violation, and committing an act defined as a Texas felony for "possess[ing] a cellphone," a Level 1, Rule 10 violation. ECF Nos. 9 at 5, 18-2 at 3-6; *see* TDCJ-CID Disciplinary Rules and Procedures for Offenders, available at http://www.tdcj.state.tx.us /documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders _English.pdf, Attachment A and B (last visited April 22, 2021). As a result of the disciplinary proceeding, Mack lost 180 days of good-time credit, received forty-five days restriction on recreation, cell, and telephone privileges and 100 days of contact visitation restriction, reduction in line class from S4 to L3, and change in classification from minimum to medium custody. ECF No. 9 at 5.

2

Mack challenges the disciplinary action because (1) he was denied due process and equal protection when the employee in charge of the unit law library, Glenda Adams, confiscated his legal work and retaliated against him for seeking a remedy; (2) he was subjected to cruel and unusual punishment when Adams intentionally and knowingly falsified government documents charging him with a felony; and (3) he was denied equal protection because Adams and TDCJ acted against him with the intent to intimidate, coerce, and harass him. *Id.* at 6-7.

## II.    ANALYSIS

### A.    The AEDPA limitations period bars Mack's claims regarding his underlying conviction.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d); *Harrington v. Richter*, 562 U.S. 86, 97 (2011). AEDPA provides in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2019).

      State law determines the time period within which a prisoner may file a direct appeal of a state conviction. *Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003). In Texas, if a defendant does not move for a new trial, he has thirty days after the sentencing date to file a timely notice of appeal. Tex. R. App. P. 26.2(a). If the defendant does not file timely notice of appeal, his conviction becomes final at the end of the thirty-day period. *Id.*; 28 U.S.C. § 2244(d). If the defendant files timely notice of appeal and the appellate court affirms, he has thirty days after the affirming court's judgment to file a Petition for Discretionary Review ("PDR") with the TCCA. Tex. R. App. P. 68.1 and 68.2(a). If the defendant does not file a timely PDR, his conviction becomes final at the end of the thirty-day period. 28 U.S.C. § 2244(d); Tex. R. App. P. 68.2(a). If the defendant files a timely PDR and the TCCA affirms the conviction or denies review, the defendant may file a petition for writ of certiorari with the Supreme Court of the United States within ninety days of the TCCA's order. U.S. Sup. Ct. R. 13(1); *Roberts*, 319 F.3d at 693 n.14. If the defendant does not file a petition for writ of certiorari, his conviction becomes final at the end of the ninety-day period. 28 U.S.C. § 2244(d); *see* U.S. Sup. Ct. R. 13(1). If the defendant files a timely petition for writ of certiorari, his conviction becomes final on the date the Supreme Court issues an order regarding his conviction. Once his conviction becomes final, the limitation period under § 2244(d)(1)(A) begins to run, so long as §§ 2244(d)(1)(B)-(D) do not apply.

      Mack did not timely appeal his conviction to the state court of appeals, which dismissed his appeal as untimely. Therefore, his conviction became final on December 7, 1997, thirty days after the execution of his judgment and sentence. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("conviction becomes final when the time for seeking further direct review in the state court expires"); Tex. R. App. Proc. 26.2 (notice of appeal due thirty days after sentence imposed or

appealable order entered or ninety days after sentence imposed if timely motion for new trial filed). AEDPA's one-year limitation period began running on the day Mack's conviction became final and ended on December 7, 1998. Although AEDPA provides four possible dates on which the limitation period may begin to run, the date on which the judgment became final is the only one relevant here. *See* 28 U.S.C. § 2244(d)(1); *see also* ECF Nos. 9 and 17. Mack filed the instant petition on May 16, 2019. ECF No. 1.

> 1.    *Mack is not entitled to statutory tolling.*

AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (2019). An application for state habeas relief filed after the limitation period ends does not affect AEDPA's limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). As noted above, Mack filed his state habeas application on August 4, 2004, and the TCCA denied the application on May 25, 2005. Because the limitation period for filing a federal habeas petition under AEDPA had long-since expired before he filed for state habeas relief, his habeas filing in the TCCA did not extend the deadline for filing the instant petition.

> 2.    *Mack is not entitled to equitable tolling.*

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that AEDPA's one-year statute of limitations is subject to equitable tolling). AEDPA's period of limitation may be equitably tolled, thereby saving a time-barred petition, only in "rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [a petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2)

some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citations omitted).

"[T]he circumstances of each case, taken together, must determine whether a particular petitioner was diligent in pursuing his claims and, therefore, entitled to equitable tolling." *Williams v. Thaler*, 400 F. App'x 886, 891 (5th Cir. 2010) (per curiam). Equitable tolling is not intended for "those who sleep on their rights." *Fisher*, 174 F.3d at 715 (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Such tolling is an extraordinary remedy that courts extend sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Mack does not argue that he pursued habeas relief with reasonable diligence, and the record does not reflect that he did so. Mack's status as a *pro se* litigant and ignorance of the law do not justify the application of equitable tolling. *See Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000). Likewise, the passage of so many years from his conviction to the filing of the instant petition does not support equitable tolling. Moreover, Mack has not established that extraordinary circumstances prevented timely filing. The arguments in his petition and reply do not address the time between the expiration of the AEDPA period and the date that he filed his federal habeas petition. *See* ECF Nos. 9 and 20. While Mack argues that there was newly discovered evidence and that his "imprisonment [was] based on corruption," these claims are wholly conclusory, and he provided no specific evidence to support his claims. ECF No. 20 at 4. Therefore, because Mack has not established the two elements required for equitable tolling, the Court should not apply that doctrine here.

### 3. *Mack's claims of actual innocence do not save his claim.*

The Supreme Court has held that a petitioner filing his first federal habeas petition may overcome AEDPA's one-year limitations period if the petitioner made a proper showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 569 U.S. at 383, 386 (2013) (quoting *Schlup*, 513 U.S. at 329). A credible actual innocence claim requires support from "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (citing *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).

However, Mack waived any claim of actual innocence by pleading guilty in the state trial court. *See United States v. Vanchaik-Molinar,* 195 F. App'x 262, 2006 WL 2474048, at *1 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence."); *Dunning v. Lumpkin*, No. 4:20-cv-554-O, 2021 WL 288430, at *12 (N.D. Tex. Jan. 28, 2021) (voluntary and knowing plea of guilty waives actual-innocence claim); *Roots v. Davis,* No. 4:17-cv-432-O, 2018 WL 6171625, at *2 (N.D. Tex. Nov. 26, 2018) (same); *Coleman v. Davis,* No. 4:16-cv-314-Y, 20178 WL 106837, at *3 (N.D. Tex. Jan. 11, 2017) (same). Mack does not challenge the validity or voluntary nature of his guilty plea, and that plea waives any claim that he might have that his actual innocence permits him to pursue a late-filed habeas petition in this Court.

Even if not waived, Mack has not presented evidence to support his claim of actual innocence. He has provided no affidavits or other competent evidence to support his conclusory arguments regarding corruption in Collin County prior to 2014, testimony of detectives that allegedly exculpated him, and his co-defendant's recanting of testimony supporting his guilt. Likewise, he provides no explanation for why these facts were not in his possession at the time of trial and at all times since then. As a result, these facts, even if supported by proper evidence, do not amount to "newly discovered evidence" under *Hancock* and *Moore* discussed above. Therefore, Mack's actual-innocence claim is not effective to excuse his challenge to a conviction that was filed years too late.

**B.      Mack's claims regarding his disciplinary case are not exhausted.**

At the outset of consideration of Mack's challenge to the disciplinary proceeding at issue, the Court must determine whether Mack has exhausted his state administrative remedies. The Fifth Circuit requires that Texas prisoners exhaust the TDCJ grievance process before seeking federal habeas corpus review of disciplinary matters. *Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993) (citations omitted). To exhaust his remedies with respect to the disciplinary action, Mack was required to present sufficient facts in support of his claims in both steps of the grievance process. *See Johnson v. Johnson*, 385 F.3d 503, 517-18 (5th Cir. 2004); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

The record reflects that Mack did not present facts, in either his first or second step grievance, regarding the claims he now asserts. Accordingly, Mack did not exhaust his administrative remedies with respect to his claims that he was denied due process and equal protection when his legal work was confiscated, he was subjected to cruel and unusual punishment when he was charged with a felony, and he was denied equal protection because Adams and TDCJ

acted with the intent to intimidate, coerce, and harass him, and they are not properly before the Court.

### C. Even if he had exhausted his remedies, Mack failed to state a colorable claim for habeas relief regarding the disciplinary proceeding at issue.

#### 1. *Mack had no constitutionally protected interest in his line class status, recreation time, cell status, telephone privileges, and contact visits.*

Mack has no constitutionally protected interest in his line class status, also known as his good time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Similarly, a reduction in good-time earning status will not support a due process claim because the timing of the inmate's release is too speculative to afford a constitutionally cognizable claim in a "right" to a time-earning classification. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Therefore, to the extent Mack's custodial classification was to improve in the future, the reset of his L3 classification or change in his custody classification does not warrant due process protection.

Additionally, Mack's loss of recreation time, telephone privileges, and contact visits and his cell restriction are changes in the conditions of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardships in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Mack do not raise such concerns. For these reasons, Mack's claims regarding loss of privileges fail to state a claim.

2.      *Mack had no liberty interest at stake in the disciplinary case because he is not eligible for mandatory supervision.*

Moreover, Mack's loss of accrued good-time credit is not actionable because Mack had no constitutionally protected liberty interest at stake during the disciplinary proceeding at issue. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (state may create a constitutionally protected liberty interest requiring a higher level of due process where previously earned good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary proceeding.

The results of the disciplinary proceeding did not affect the duration of Mack's sentence because he is not eligible for discretionary mandatory supervision. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Mack concedes that he is not eligible for release on mandatory supervision (ECF No. 9 at 5), and the record confirms this fact. Mack was convicted of murder, which was an offense that rendered him ineligible for mandatory supervision at the time of the offense. *See* Tex. Code Crim. Pro art. 42.18, § 8(c)) ("[a] prisoner may not be released to mandatory supervision … if the prisoner is serving a sentence for (1) a first degree felony under Section 19.02, Penal Code (Murder)"); *Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005) (eligibility for mandatory supervision determined by law in effect at the time of the offense for which defendant is serving sentence). Therefore, Mack had no constitutionally protected liberty interest at stake during the disciplinary proceeding, and his claim regarding lost good-time credit does not state a valid claim for habeas relief.

### D.      CONCLUSION

Because Mack's challenge to his conviction is untimely and he failed to state a colorable habeas claim as to the disciplinary proceeding at issue, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Mack's Petition for Writ of Habeas Corpus (ECF No. 9).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1) (2019) and Fed. R. Civ. P. 72(b)(1) (2019). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 23, 2021.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE